IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MUHAMMAD, | No. C 06-05298 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| US DEPT OF HOUSING AND URBAN DEVELOPMENT, | |
| Defendant. / | |

    Plaintiff Charles Muhammed ("Muhammed") has filed a complaint against the U.S. Department of Housing and Urban Development ("HUD"). This lawsuit is one of several actions recently filed by Muhammed.[1] The complaint in this case states that HUD "violated the following human rights." It then lists five articles from the United Nations Universal Declaration of Human Rights. <u>See</u> G.A. Res. 217A (III), arts. 2-6, U.N. GAOR, 3d Sess., U.N. Doc. A/810 (Dec. 12, 1948). That is Muhammed's complaint, in its entirety.

---

[1] Within a span of two weeks, Muhammed has filed a total of eleven lawsuits in this court. <u>See</u> <u>Muhammad v. U.S. Dep't of Labor</u>, No. 06-4893 (N.D. Cal. filed Aug. 14, 2006); <u>Muhammad v. U.S. Dep't of Transp.</u>, No. 06-4893 (N.D. Cal. filed Aug. 14, 2006); <u>Muhammad v. U.S. Dep't of Energy</u>, No. 06-4916 (N.D. Cal. filed Aug. 15, 2006); <u>Muhammad v. State of New Mexico</u>, No. 06-4893 (N.D. Cal. filed Aug. 16, 2006); <u>Muhammad v. State of California</u>, No. 06-4953 (N.D. Cal. filed Aug. 16, 2006); <u>Muhammad v. U.S. Dep't of Hous. & Urban Dev.</u>, No. 06-5298 (N.D. Cal. filed Aug. 29, 2006); <u>Muhammad v. Kelly Village Apt.</u>, No. 06-5299 (N.D. Cal. filed Aug. 29, 2006); <u>Muhammad v. U.S. Dep't of Health & Hum Servs.</u>, No. 06-5300 (N.D. Cal. filed Aug. 29, 2006); <u>Muhammad v. State of Utah</u>, No. 06-5360 (N.D. Cal. filed Aug. 31, 2006); <u>Muhammad v. 2 N.B.C.</u>, No. 06-5361 (N.D. Cal. filed Aug. 31, 2006); <u>Muhammad v. Kassig</u>, No. 06-5362 (N.D. Cal. filed Aug. 31, 2006).

Dockets.Justia.com

Plaintiff has also filed two additional documents in connection with his complaint. The first is an application to proceed *in forma pauperis*. The second is a request for a restraining order against HUD. In this second document, Muhammed asks this Court to order HUD "to supply [him] with a home" and to pay for his temporary housing at a cost of $60.00 per night for a room at Motel 6. He further requests this Court to evict HUD from its offices due to its "criminal activity" under the "RICO Act." He demands "that criminal charges be brought, against the director and his staff, for taking salaries for no work." Finally, he describes an incident at HUD's offices in which "he was given a list of low cost apartments" but was told that "HUD had no applications" for housing. He goes on to state that he has been denied housing "because I am a convicted felon, . . . because I am black, . . . because I am an [A]merican Indian with only two Inches." In addition, the request for a restraining order indicates that Muhammed has "designed a letter to stop a[n] elephant in its tracks," and it contains notes about "John Ford F.B.I. Mind Control."

Under Rule 12(b)(6), "a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." Bureerong v. Uvawas, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996); see also Brown v. City of Oneonta, 235 F.3d 769, 780 (2d Cir. 2000) (Kearse, C.J., dissenting) (noting that under Rule 12(b)(6) facts must be taken as true "unless they are fanciful or delusionary, or . . . they represent only legal conclusions."); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (noting that a court need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited").

Moreover, according to Neitzke v. Williams, 490 U.S. 319 (1989), a court may dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. § 1915(d) when the claim is "fantastic or delusional." 490 U.S. at 328. The Neitzke Court noted: "A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). 490 U.S. 319, 327 n.6 (1989); see also Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (noting that federal courts lack

2

power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); Bell v. Hood, 327 U.S. 678, 682-83 (1946).

 Taken as a whole, Muhammed's complaint is patently insubstantial. Plaintiff has not stated a coherent claim against the defendants; indeed, he has alleged no legally significant facts regarding any action by HUD or its officers at all. The complaint is hereby DISMISSED with prejudice.

 **IT IS SO ORDERED.**

Dated: September 11, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE